IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,** | § § § § § | |
| **Plaintiff,** | § § | |
| v. | § § | |
| **JAMES L. SMITH, JR., GINA L. GIBSON, JANICE VONDRASEK, GLEE HOLCOMBE, JAMES R. HENSON, AND RONALD HENSON, INDIVIDUALLY AND AS THE EXECUTOR OF THE ESTATE OF JANET HENSON,** | § § § § § § § § § | **CIVIL ACTION NO. 7:20-cv-00013** |
| **Defendants.** | § § | |

## COMPLAINT IN INTERPLEADER

Allianz Life Insurance Company of North America ("Allianz Life"), hereby files this Complaint in Interpleader and would respectfully show the Court the matters set forth below:

### I.
### PARTIES

1.   Plaintiff Allianz Life is a corporation incorporated under the laws of the State of Minnesota, with its principal place of business in Golden Valley, Minnesota.

2.   Defendant James L. Smith, Jr. is an individual resident of Texas. Service of process may be accomplished on James L. Smith, Jr. by serving him at 166 FRC 421 E, Buffalo, Texas 75831, or wherever he may be found.

3. Defendant Gina L. Gibson is an individual resident of Texas. Service of process may be accomplished on Gina L. Gibson by serving her at 1104 W. Broadway, Winnsboro, Texas 75494, or wherever she may be found.

4. Defendant Janice Vondrasek is an individual resident of Texas. Service of process may be accomplished on Janice Vondrasek by serving her at 166 FRC 421 E, Buffalo, Texas 75831, or wherever she may be found.

5. Defendant Glee Holcombe is an individual resident of Texas. Service of process may be accomplished on Glee Holcombe by serving her at 307 2nd Street, Stanton, Texas 79782, or wherever she may be found.

6. Defendant Ronald Henson is an individual resident of Texas. Service of process may be accomplished on Ronald Henson by serving him at 3883 Turtle Creek Blvd., #204, Dallas, Texas 75219, or wherever he may be found.

7. Defendant James R. Henson (a/k/a "Randy" Henson) is an individual resident of Texas. Service of process may be accomplished on Randy Henson by serving him at 2179 CR C 3201, Stanton, Texas 79782, or wherever he may be found.

### III.
### JURISDICTION AND VENUE

8. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00 excluding interest and costs.

9. The Court also has jurisdiction over this interpleader action pursuant to Fed. R. Civ. P. 22.

10. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(a) because decedent Janet Henson resided in this District and Division at the time of her death, all or

a substantial part of the events giving rise to this action occurred in this District and Division, and Defendant Glee Holcombe resides in this District and Division.

## IV.
## FACTUAL BACKGROUND

11. On June 1, 2014, Janet Henson ("Janet") executed and signed an Application for Annuity (the "Annuity"), policy XXXX4646. The primary beneficiaries on the policy, with 16.67 or 16.66% shares, were Janet's grandchildren Mellisa Leiker, Jimmy Gallagher, Sharon Reed, Jennifer Gallagher, Daniel Henson, and Anthony Henson. Janet was the annuitant.

12. On or about March 26, 2019, Allianz Life received a Request to Transfer Ownership and/or Change Beneficiaries, signed by Janet, requesting to change the primary beneficiaries to Janet's nephew James L. Smith ("Smith") and niece Gina L. Gibson ("Gibson") with 50% shares. The request did not name a contingent beneficiary.

13. Upon receiving Janet's request, Allianz Life changed the primary beneficiaries on the Annuity to Smith and Gibson.

14. Janet died on August 19, 2019. Allianz Life received notice of Janet's death from her agent on or about August 20, 2019.

15. On or about August 22, 2019, Allianz Life sent claim forms to designated beneficiaries Smith and Gibson.

16. On or about August 29, 2019, Allianz Life received a letter from Ronald Henson ("Henson"), challenging the change of beneficiary and demanding payment for the proceeds on behalf of himself, Glee Holcombe ("Holcombe"), and Randy Henson ("Randy") as designated beneficiaries. On information and belief, Henson is the Executor of Janet's Estate.

17. On or about October 9, 2019, Allianz Life received completed claim forms from Smith and Gibson.

18. On or about October 14, 2019, Allianz Life sent adverse claim letters to Smith, Gibson, and Henson regarding their adverse claims to the benefits of the Annuity and asking them to resolve the dispute. Allianz Life did not receive a response.

19. On or about December 5, 2019, Allianz Life asked Henson for the legal basis for his assertion disputing the beneficiary designation to determine whether Henson's claim is valid.

20. On or about December 17, 2019, Allianz Life received a letter from counsel for Smith and Gibson, requesting that Allianz Life pay Smith, Gibson and Janice Vondrasek ("Vondrasek"), who is not a named beneficiary on the Allianz Life policy, and asserting that Henson's challenges as the Executor of Janet's Estate are baseless and not supported by any evidence.

21. As of the date of this filing, Allianz Life has not heard from Henson or been advised that a resolution has been reached between the Defendants.

22. Allianz Life has filed this Interpleader action to request that this Court determine whether Smith, Gibson, and Vondrasek are entitled to the benefits of the Annuity or if the Estate of Janet Henson, Henson, Holcombe or Randy are instead entitled to those benefits. Allianz Life is an innocent stakeholder, with no interest in who receives the remaining Annuity proceeds.

## V.
## CLAIM FOR INTERPLEADER

23. Allianz Life is in doubt as to the proper disposition of the remaining Annuity benefits and is facing rival claims as to those benefits. Allianz Life has also not been able to obtain information regarding the validity of Henson's claims. Allianz Life is therefore in the position of an innocent stakeholder and has a real and reasonable fear of exposure to multiple liability with respect to the benefits under the Annuity.

24. Allianz Life timely filed this Complaint after Henson failed to provide information allowing Allianz Life to determine the validity of his claims and receiving notice from counsel for Smith, Gibson, and Vondrasek on or about December 17, 2019, that these Defendants contend they are entitled to the Annuity benefits and that Henson's claims are not valid. Allianz Life is unable to determine whether the designation of Smith and Gibson as primary beneficiaries is effective, or whether Vondrasek or Henson's claims are valid, and files this action to resolve the competing claims.

25. In connection with the filing of this Complaint, Allianz Life hereby unconditionally offers to bring or pay the full present value of the remaining amounts due under the Annuity, the sum of $883,000 (calculated as of January 16, 2020 and subject to change depending on the date of deposit) into the registry of this Court. Allianz Life has actual possession and control of the property in dispute.

26. Allianz Life submits that in attempting to determine the party or parties entitled to the proceeds of the Annuity prior to disbursing funds it acted in good faith and that under Federal law Allianz Life is therefore a disinterested stakeholder entitled to recover its reasonable attorneys' fees and expenses as a result of this proceeding to be paid out of the interpleaded funds. *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1166 (5th Cir. 1976) (attorney's fees are awarded to the stakeholder in a successful interpleader action as a general rule); *United States v. Ray Thomas Gravel Co.*, 380 S.W.2d 576, 580 (Tex. 1964). Allianz Life requests that the Court award these fees and other costs from the interpleaded funds.

## V.
## PRAYER FOR RELIEF

24. For the foregoing reasons, Allianz Life requests that, upon hearing or trial, in a final judgment:

a)  The Court release and discharge Allianz Life from this suit and all liability to James L. Smith, Jr., Gina Gibson, Janice Vondrasek, Glee Holcombe, Randy Henson, and Ronald Henson, Individually and as Executor of the Estate of Janet Henson, for any and all claims under the Annuity;

b)  The Court declare that Allianz Life is entitled to recover its reasonable attorneys' fees, expenses, and costs of suit incurred by it in connection with this matter, with all such fees, costs, and expenses to be paid out of the interpleaded funds before any award of the interpleaded funds to any prevailing claimant thereto;

c)  The Court order Allianz Life to deposit the present value of the remaining amounts due under the Annuity, less Allianz Life's reasonable and necessary attorneys' fees and costs, in the Court's registry; and

d)  Such other and further relief to which Allianz Life may be justly entitled.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR PLAINTIFF
ALLIANZ LIFE INSURANCE COMPANY
OF NORTH AMERICA**